UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAPELES,

        Plaintiff,                        Case No. 06-13616

v.                                         District Judge John Corbett O'Meara
                                             Magistrate Judge R. Steven Whalen

MDOC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants Michigan Department of Corrections ("MDOC") and Kline's *Suggestion of Death Upon the Record Under Rule 25(a)(1)* [Docket #32], filed January 31, 2007, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). Since Plaintiff's next of kin has not filed a motion for substitution since being served by Defendants on February 12, 2007, I recommend that the action be DISMISSED.

      Defendant Paul Piper's Motion to Dismiss [Docket #13], filed October 11, 2006 should be DENIED as MOOT.

      Defendants' MDOC and Kline's Motion to Dismiss [Docket #17], filed October 23, 2006 should be DENIED as MOOT.

      Defendant Paul Piper's Motion for Summary Judgment [Docket #28] should be DENIED as MOOT.

1

## I. FACTUAL BACKGROUND

Plaintiff, formerly an MDOC prisoner incarcerated at the Ryan Correctional Facility in Detroit, Michigan, filed suit on August 14, 2006, alleging constitutional violations pursuant to 42 U.S.C. §1983. The Complaint states that on January 25, 2005, Plaintiff was assaulted by Defendant Nurse Gardner-Williams after seeking medical intervention for lower left side pain. *Complaint* at 4. The Complaint also contains allegations that other officers and medical staff failed to intervene in the assault. *Id*. at 5.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure Rule 25(a)(1) states in pertinent part:

"Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

## III. ANALYSIS

On January 31, 2007, Defendants MDOC and Kline filed a Suggestion of Death Upon the Record Under Rule 25(a)(1), including a copy of a death certificate showing that Plaintiff died at Detroit Receiving Hospital in Detroit, Michigan on January 19, 2006. *Docket #32*. Defendants included a certificate of service stating that Plaintiff's next of kin, Reyna Berry was served with the Suggestion of Death. However, Ms. Berry's house number as shown on the January 31, 2007 certificate of service was inconsistent with her address as listed on Plaintiff's death certificate. On February 12, 2007, Defendants submit a second certificate

2

of service showing that Reyna Berry was served at the correct address. Since "[t]he 90-day period begins to run only when a formal, written 'statement of the fact of death' has been filed and properly served under Rule 5," Ms. Berry's 90-day window commenced on February 12, rather than January 31, 2007. *Tolliver v. Leach,* 126 F.R.D. 529, 530 (W.D.Mich.1989); Fed. R. Civ. P. Nonetheless, the 90 days for filing a motion for substitution has long passed, mandating dismissal of the entire action.

## IV. CONCLUSION

For the reasons set forth above, I recommend that the action be DISMISSED.

Defendant Paul Piper's Motion to Dismiss [Docket #13], filed October 11, 2006 should be DENIED as MOOT.

Defendants' MDOC and Kline's Motion to Dismiss [Docket #17], filed October 23, 2006 should be DENIED as MOOT.

Defendant Paul Piper's Motion for Summary Judgment [Docket #28] should be DENIED as MOOT.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

3

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 28, 2007.

S/Gina Wilson<br>
Case Manager